UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORTH TEXAS CIRCUIT BOARD COMPANY, INC., G.D. HOLDINGS, INC., DYNACO CORPORATION, AND QUICK TURN CIRCUITS, INC. | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:15-cv-2614 |
| v. | § § | JURY |
| NORTHFIELD INSURANCE COMPANY AND SCOTT KORFHAGE, | § § § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Northfield Insurance Company ("Northfield") and Scott Korfhage ("Korfhage") (collectively, "Defendants") file their Notice of Removal of this action from the 192nd Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendants show this Court as follows:

1.  On June 11, 2015, Plaintiffs North Texas Circuit Board Company, Inc.; G.D. Holdings, Inc.; Dynaco Corporation; and Quick Turn Circuits, Inc. ("Plaintiffs") commenced an action in the 192nd Judicial District Court of Dallas County, Texas, styled *North Texas Circuit Board Company, Inc., G.D. Holdings, Inc., Dynaco Corporation, and Quick Turn Circuits, Inc. v. Northfield Insurance Company and Scott Korfhage*, where it was assigned Cause No. DC-15-06703.

2.   Removal is timely because thirty (30) days have not elapsed since Defendants were served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).

3.   Defendants are, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 192nd Judicial District Court of Dallas County, Texas, and will serve a copy of the Notice of Removal on Plaintiffs.

4.   In accordance with Local Rule 81.1, attached collectively as Exhibit "A" are all materials filed in the state court.  Defendants have also filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with Local Rule 3.1(c) and Rule 7.1 of the Federal Rules of Civil Procedure.

### GROUND FOR REMOVAL:  DIVERSITY

5.   This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

    **(a)   The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6.   "Plaintiffs stipulate that the damages in this matter are between $200,000 and $1,000,000."  *See* Ex. A-2 at ¶ 6.  Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

**(b)     Complete diversity between Plaintiffs and Defendants exist.**

7.     Corporations "shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and the state or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1).

8.     "Plaintiffs are [sic] a domestic corporation doing business in Dallas County, Texas." *See* Ex. A-2 at ¶ 2.  Accordingly, Plaintiffs are citizens of Texas.

9.     Northfield is a corporation organized under the laws of the State of Iowa with its principal place of business in the State of Connecticut.  Accordingly, Northfield is a citizen of Iowa and Connecticut.

10.    For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent therefrom.  *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).  Korfhage is an individual resident citizen of Wisconsin.  *See* Ex. A-2 at ¶ 4.  Accordingly, Korfhage is a citizen of Wisconsin.

11.    Because the amount in controversy exceeds $75,000 and Plaintiffs are citizens of Texas while Defendants are not, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332.  Removal is therefore proper.

WHEREFORE, Defendants pray that the above-described action now pending in the 192nd Judicial District Court of Dallas County, Texas be removed to this Court.

        Respectfully submitted,

        */s/ Wm. Lance Lewis*
        WM. LANCE LEWIS
        Texas Bar No. 12314560
        MARCIE L. SCHOUT
        Texas Bar No. 24027960
        **QUILLING, SELANDER, LOWNDS,**
        **WINSLETT & MOSER, P.C.**
        2001 Bryan Street, Suite 1800
        Dallas, Texas  75201
        (214) 871-2100 (Telephone)
        (214) 871-2111 (Facsimile)
        llewis@qslwm.com
        mschout@qslwm.com

        **ATTORNEYS FOR DEFENDANTS**
        **NORTHFIELD INSURANCE COMPANY**
        **AND SCOTT KORFHAGE**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiffs' counsel of record, via electronic service, in accordance with the Federal Rules of Civil Procedure, this 10th day of August, 2015.

| | |
|---|---|
| Daniel P. Barton | Robert D. Green |
| Ryan K. Haun | Hunter M. Klein |
| BARTON LAW FIRM | ROBERT D. GREEN & ASSOCIATES, P.C. |
| 1201 Shepherd Drive | 440 Louisiana Street, Suite 1930 |
| Houston, Texas 77007 | Houston, Texas 77002 |
| (713) 621-5900 (Facsimile) | (713) 654-2155 (Facsimile) |

        */s/ Marcie L. Schout*
        Marcie L. Schout