# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NORTH TEXAS CIRCUIT BOARD COMPANY, INC., G.D. HOLDINGS, INC., DYNACO CORPORATION, AND QUICK TURN CIRCUITS, INC.** | § § § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION NO. _____** |
| **v.** | § § | **JURY** |
| **NORTHFIELD INSURANCE COMPANY AND SCOTT KORFHAGE,** | § § § § | |
| **Defendants.** | § | |

## INDEX OF STATE COURT MATERIALS

| No. | Date Filed or Entered | Document |
|---|---|---|
| A-1 | N/A | Civil Docket Sheet |
| A-2 | 06/11/2015 | Plaintiffs' Original Petition |
| A-3 | 06/11/2015 | Civil Case Information Sheet |
| A-4 | 06/11/2015 | Request for Citations |
| A-5 | 06/11/2015 | Enter Demand for Jury |
| A-6 | 06/26/2015 | Citation issued to Scott Korfhage |
| A-7 | 07/24/2015 | Citation issued to Northfield Insurance Company with Return of Service |
| A-8 | 08/07/2015 | Defendants' Original Answer |

# Exhibit A-1

Case 3:15-cv-02614-N   Document 1-1   Filed 08/10/15   Page 4 of 36   PageID 8

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine Search  Back          Location : All District Civil Courts   Images Help

# REGISTER OF ACTIONS
## CASE NO. DC-15-06703

| | | | |
|---|---|---|---|
| NORTH TEXAS CIRCUIT BOARD COMPANY INC, et al vs. NORTHFIELD INSURANCE COMPANY, et al | § <br> § <br> § <br> § <br> § | Case Type: | **CNTR CNSMR COM DEBT** |
| | | Date Filed: | **06/11/2015** |
| | | Location: | **192nd District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | **KORFHAGE, SCOTT** | **WILLIAM LANCE LEWIS** <br> *Retained* <br> 214-871-2100(W) |
| **DEFENDANT** | **NORTHFIELD INSURANCE COMPANY** | **WILLIAM LANCE LEWIS** <br> *Retained* <br> 214-871-2100(W) |
| **PLAINTIFF** | **DYNACO CORPORATION** | **DANIEL PATRICK BARTON** <br> *Retained* <br> 713-654-9222(W) |
| **PLAINTIFF** | **G D HOLDINGS INC** | **DANIEL PATRICK BARTON** <br> *Retained* <br> 713-654-9222(W) |
| **PLAINTIFF** | **NORTH TEXAS CIRCUIT BOARD COMPANY INC** | **DANIEL PATRICK BARTON** <br> *Retained* <br> 713-654-9222(W) |
| **PLAINTIFF** | **QUICK TURN CIRCUITS INC** | **DANIEL PATRICK BARTON** <br> *Retained* <br> 713-654-9222(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 06/11/2015 | **NEW CASE FILED (OCA) - CIVIL** | | |
| 06/11/2015 | **ORIGINAL PETITION** | | |
| 06/11/2015 | **ISSUE CITATION COMM OF INS OR SOS** | | |
| 06/11/2015 | **JURY DEMAND** | | |
| 06/11/2015 | **ISSUE CITATION** | | |
| 06/26/2015 | **CITATION** | | |
| | KORFHAGE, SCOTT | Unserved | |
| 06/26/2015 | **CITATION SOS/COI/COH/HAG** | | |
| | NORTHFIELD INSURANCE COMPANY | Served | 07/14/2015 |
| | | Returned | 07/24/2015 |
| 07/24/2015 | **RETURN OF SERVICE** | | |
| | *RETURN OF CITATION SERVICE* | | |
| 08/07/2015 | **ORIGINAL ANSWER - GENERAL DENIAL** | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **PLAINTIFF** NORTH TEXAS CIRCUIT BOARD COMPANY INC | | | |
| | Total Financial Assessment | | | 361.24 |
| | Total Payments and Credits | | | 361.24 |
| | **Balance Due as of 08/07/2015** | | | **0.00** |
| | | | | |
| 06/12/2015 | Transaction Assessment | | | 361.24 |
| 06/12/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 34223-2015-DCLK | North Texas Circuit Board Company, Inc. | (361.24) |

# Exhibit A-2

FILED
DALLAS COUNTY
6/11/2015 4:05:18 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

DC-15-06703

CAUSE NO. _____

| | | |
|---|---|---|
| NORTH TEXAS CIRCUIT BOARD COMPANY, INC., G.D. HOLDINGS, INC., DYNACO CORPORATION, AND QUICK TURN CIRCUITS, INC. *Plaintiffs,* | § § § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | DALLAS COUNTY, TEXAS |
| NORTHFIELD INSURANCE COMPANY AND SCOTT KORFHAGE *Defendants.* | § § § | K-192ND _____ JUDICIAL DISTRICT |

---

## PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, North Texas Circuit Board Company, Inc., G.D. Holdings, Inc., Dynaco Corporation, and Quick Turn Circuits, Inc., hereinafter referred to as Plaintiffs, complaining of Northfield Insurance Company ("Northfield") and Scott Korfhage ("Korfhage") (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiffs ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.      Plaintiffs are a domestic corporation doing business in Dallas County, Texas.

3.      Defendant Northfield is a foreign insurance company engaging in the business of insurance in the State of Texas.  This Defendant's home office is located at 1 Tower Square, Hartford, Connecticut 06183. This Defendant may be served with process by serving the Texas Commissioner of Insurance, David Mattax, at 333 Guadalupe Street, Austin, Texas 78701 as its agent for service because Defendant Northfield is required by the Texas Insurance Code §804.013(b) to appoint and maintain an agent for service of process but has not done so. Tex.Ins.Code §804.103(C)(1), 982.001.

4.      Defendant Scott Korfhage is an individual residing in Prescott, Wisconsin. Defendant Korfhage may be served with process at the following address: W11725 485th Avenue, Prescott, Wisconsin 54021.

5.      The Clerk is requested to issue Citations.

## JURISDICTION

6.      Plaintiffs stipulate that the damages in this matter are between $200,000 and $1,000,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court.  Plaintiffs contend that the determination of damages is within the sole discretion of the Judge and Jury, but makes this stipulation as required by Tex.R.Civ.P. 47.

7.      The court has jurisdiction over Defendant Northfield because this Defendant engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

8.      The court has jurisdiction over Defendant Korfhage because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

**VENUE**

9.      Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas.  TEX. CIV. PRAC. REM. CODE §15.032.

**FACTS**

10.      Plaintiffs are the owners of an insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant Northfield.  Plaintiffs own the insured property, which is specifically located at 2500 East Shady Grove Road, Irving, Texas 75060 (hereinafter referred to as "the Property").

11.      Defendant Northfield sold the Policy insuring the Property to Plaintiffs.

12.      On or about April 3, 2012, Plaintiffs experienced a storm event which caused substantial damage to the Property and constituted a covered loss under the Policy issued by Defendant Northfield.  Plaintiffs subsequently opened a claim and Defendant Northfield assigned Defendant Korfhage to adjust the claim.  Defendant Northfield wrongfully denied Plaintiffs' claim and refused to issue a full and fair payment for the loss.

13.      Defendant Korfhage made numerous errors in estimating the value of Plaintiffs' claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiffs.  Defendant Korfhage failed to fully quantify Plaintiffs' damages, thus demonstrating that he did not conduct a thorough investigation of the claim.  On July 26, 2013, following an inspection of the damaged roof by Defendants' hired engineer, Rimkus Engineering, Defendant Korfhage issued a letter stating that Plaintiffs' loss was not covered under the Policy, alleging all the roof damages and leaks were the result of improper repairs, mechanical damages, the age of the roof, and wear and tear.  Plaintiffs contend Rimkus is a biased expert hired by Defendants for the purpose of denying Plaintiffs' claim.  Plaintiffs were forced to retain the services of a public

adjuster who began negotiations with the insurer on behalf of Plaintiffs.  On August 12, 2013, Plaintiffs' public adjuster presented Defendants with a repair estimate, as well as photos of damages and NOAA weather reports identifying the April 3, 2013 storm, which Defendant ignored, and subsequently denied the claim.  On August 13, 2013, Plaintiffs submitted a sworn proof of loss, estimate, and photographic evidence regarding the hail damage still present on Plaintiffs' Property.   Defendant Korfhage refused to consider the evidence presented by Plaintiffs, instead considering only the assessment prepared on behalf of the insurance carrier. On June 25, 2014, Defendant Korfhage sent another letter to Plaintiffs re-asserting that the roof sustained no wind or hail damage, despite the leaks, repairs, and evidence of said damages.  As a result of Defendant Korfhage's conduct, Plaintiffs' claim was denied.

14.     Defendant Northfield failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy in effect during Plaintiffs' loss.  Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been carried out and accomplished by Plaintiffs.  Defendant Northfield's conduct constitutes a breach of the insurance contract between Defendant Northfield and Plaintiffs.

15.     Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a)(1).

16.     Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although Defendants were aware of their liability to Plaintiffs under the Policy.  Defendants'

conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

17.    Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiffs' claim.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a)(3).

18.    Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a)(4).

19.    Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.  Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' loss on the Property.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a)(7).

20.    Defendant Northfield failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiffs' claim, beginning an investigation of

Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim.  Defendant Northfield's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

21.      Defendant Northfield failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.    Defendant Northfield's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.056.

22.      Defendant Northfield failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.   Specifically, Defendant Northfield has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for its claim.  Defendant Northfield's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX.INS.CODE §541.058.

23.      From and after the time Plaintiffs' claim was presented to Defendant Northfield, the liability of Defendant Northfield to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant Northfield has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.  Defendant Northfield's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.      Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiffs.

25.     As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the law firm who is representing Plaintiffs with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT KORFHAGE

#### TEXAS INSURANCE CODE VIOLATIONS

26.     Defendant Korfhage's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

27.     Defendant Korfhage is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Defendant Northfield, because individually, he meets the definition of a "person" as defined by TEX.INS.CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

28.     Defendant Korfhage's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

29.     Defendant Korfhage's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(2)(A).

30.     The unfair settlement practice of Defendant Korfhage as described above, of failing to promptly provide the Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(3).

31.     Defendant Korfhage's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(4).

32.     Defendant Korfhage's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

33.     Defendant Korfhage's conduct described above compelled Plaintiffs to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.   Defendant Korfhage refused to even offer more than his own grossly undervalued estimates despite actual damages which were much greater.   This continued failure compelled Plaintiffs to file suit.  TEX.INS.CODE §542.003(5).

<u>CAUSES OF ACTION AGAINST DEFENDANT NORTHFIELD</u>

34.     Defendant Northfield is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

**BREACH OF CONTRACT**

35.     Defendant Northfield's conduct constitutes a breach of the insurance contract made between Defendant Northfield and Plaintiffs.

36.     Defendant Northfield's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Northfield insurance contract with Plaintiffs.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
UNFAIR SETTLEMENT PRACTICES**

37.     Defendant Northfield's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

38.     Defendant Northfield's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

39.     Defendant Northfield's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Northfield's liability under the Policy was reasonably clear, constitutes an

unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

40.     Defendant Northfield's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

41.     Defendant Northfield's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

42.     Defendant Northfield's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

43.     Defendant Northfield's conduct described above compelled Plaintiffs to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.  Defendant Northfield refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.  This continued failure compelled Plaintiffs to file suit.  TEX. INS. CODE §542.003(5).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

44.     Defendant Northfield's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX.INS.CODE §542.060.

45.     Defendant Northfield's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX.INS.CODE §541.055.

46.     Defendant Northfield's failure to notify Plaintiffs in writing of its acceptance or rejection of the claims within the applicable time constraints, constitutes a non-prompt payment of the claims within the applicable time constraints and a violation of the TEX.INS.CODE §541.056.

47.     Defendant Northfield's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims.  TEX.INS.CODE §541.058.


## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

48.     Defendant Northfield's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

49.     Defendant Northfield's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant Northfield knew or

should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

50.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

51.     Plaintiffs will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

52.     For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of its claim, together with attorney fees.

53.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiffs ask for three times Plaintiffs' actual damages. TEX.INS.CODE §541.152.

54.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of its claim, as well as eighteen (18) percent interest per annum of the amount of its claim as damages, together with attorney's fees.  TEX.INS.CODE §542.060.

55.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach

of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

56.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

57.     Plaintiffs hereby request that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Dallas County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

### REQUEST FOR DISCLOSURE

58.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose the information or material described in Rule 194.2.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recovers such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs may show itself to be justly entitled.

Respectfully submitted,

**BARTON LAW FIRM**

By: /s/ *Daniel P. Barton*
        DANIEL P. BARTON
        State Bar No.: 00789774
        RYAN K. HAUN
        State Bar No.: 24055634
        1201 Shepherd Drive
        Houston, Texas 77007
        (713) 227-4747- Telephone
        (713) 621-5900- Fax
        dbarton@bartonlawgroup.com
        rhaun@bartonlawgroup.com

        **ATTORNEYS FOR PLAINTIFFS**

**ROBERT D. GREEN & ASSOCIATES, P.C.**

By: /s/ *Robert D. Green*
        ROBERT D. GREEN
        State Bar No.: 08368025
        HUNTER M. KLEIN
        State Bar No.: 24082117
        440 Louisiana Street, Suite 1930
        Houston, Texas 77002
        (713) 654-9222- Telephone
        (713) 654-2155- Fax
        green@grenntriallaw.com
        klein@greentriallaw.com

        **ATTORNEYS FOR PLAINTIFFS**

# Exhibit A-3

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* _____ **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** North Texas Circuit Board Company, Inc., G.F. Holdings, Inc., Dynaco Corporation, and Quick Turn Circuits, Inc. v. Northfield Insurance Company and Scott Korfhage

*(e.g., John Smith v. All American Insurance Co: In re Mary Ann Jones: In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Daniel P. Barton | Email:<br>lea@bartonlawgroup.com | Plaintiff(s)/Petitioner(s):<br>North Texas Circuit Board Company, Inc., G.D. Holding, Inc.,<br>Dynaco Corporation, and Quick Turn Circuits, Inc. | ☑ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address:<br>1201 Shepherd Drive | Telephone:<br>713-227-4747 | Defendant(s)/Respondent(s):<br>Northfield Insurance Company and Scott Korfhage | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| City/State/Zip:<br>Houston, Texas 77007 | Fax:<br>713-621-5900 | | Non-Custodial Parent: |
| Signature: | State Bar No:<br>00789774 | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☑ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br> ☐ Accounting<br> ☐ Legal<br> ☐ Medical<br> ☐ Other Professional<br>  Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br> ☐ Asbestos/Silica<br> ☐ Other Product Liability<br>  List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br> ☐ With Children<br> ☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>  Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees<br>
☐ Less than $100,000 and non-monetary relief<br>
☐ Over $100,000 but not more than $200,000<br>
☑ Over $200,000 but not more than $1,000,000<br>
☐ Over $1,000,000

# Exhibit A-4



Daniel Patrick Barton – Attorney At Law                                    Ryan Haun – Attorney at Law
dbarton@bartonlawgroup.com                                               rhaun@bartonlawgroup.com

June 11, 2015

**Via E-File**
Felicia Pitre
Dallas County District Clerk
600 Commerce Street, Suite 103
Dallas, Texas 75202

Re:    Cause No. _____; *North Texas Circuit Board Company, Inc., G.D. Holdings, Inc., Dynaco Corporation, and Quick Turn Circuits, Inc. v. Northfield Insurance Company and Scott Korfhage*; In the ___ Judicial District Court of Dallas County, Texas

Dear Ms. Pitre:

Enclosed for filing is Plaintiffs' Original Petition.  Below is the information for the citations:

1.  Scott Korfhag
    W11725 485th Avenue
    Prescott, Wisconsin 54021

2.  Northfield Insurance Company
    By Serving the Texas Commissioner of Insurance
    333 Guadalupe Street
    Austin, Texas  78701

    Northfield Insurance Company's mailing address: 1 Tower Square, Hartford, Connecticut 06183.

    **Pursuant to the Texas Administrative Code, Title 28, Chapter 7, Rule 7.1414, Northfield Insurance Company's mailing address MUST be noted on the citation.**

Please return the requested citations and copies to the Barton Law Firm.

Sincerely,

*Marmar Kahkeshani*

Marmar Kahkeshani
Attorney

---

1201 Shepherd Drive      Houston, Texas  77007      Telephone (713) 227-4747      Fax (713) 621-5900

# Exhibit A-5

FILED
DALLAS COUNTY
6/11/2015 4:05:18 PM
FELICIA PITRE
DISTRICT CLERK

FELICIA PITRE

DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-15-06703

NORTH TEXAS CIRCUIT BOARD COMPANY INC, et al

vs.

NORTHFIELD INSURANCE COMPANY, et al

192nd District Court

## ENTER DEMAND FOR JURY

JURY FEE PAID BY: NORTH TEXAS CIRCUIT BOARD COMPANY INC

FEE PAID: $30.00

600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html

# Exhibit A-6

# FORM NO. 353-3 – CITATION
# THE STATE OF TEXAS

To:

**SCOTT KORFHAGE**
**W11725 485th AVENUE**
**PRESCOTT WI 54021**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **192nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **NORTH TEXAS CIRCUIT BOARD COMPANY INC**

Filed in said Court **11th day of June, 2015** against

**NORTHFIELD INSURANCE COMPANY, et al**

For Suit, said suit being numbered **DC-15-06703**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 26th day of June, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
    SACHEEN ANTHONY

---

# CITATION

## DC-15-06703

**NORTH TEXAS CIRCUIT BOARD COMPANY INC, et al**

vs.

**NORTHFIELD INSURANCE COMPANY, et al**

ISSUED THIS
**26th day of June, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SACHEEN ANTHONY, Deputy

**Attorney for Plaintiff**
DANIEL PATRICK BARTON
1200 SMITH STREET
600 TWO ALLEN CENTER
HOUSTON     TX  77002
713-654-9222



DALLAS COUNTY CONSTABLE
FEES NOT PAID
FEES PAID

# OFFICER'S RETURN

Case No. : DC-15-06703

Court No.192nd District Court

Style: NORTH TEXAS CIRCUIT BOARD COMPANY INC, et al

vs.

NORTHFIELD INSURANCE COMPANY, et al

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20 _____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation   $ _____

For mileage   $ _____   of _____ County, _____

For Notary   $ _____   By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

# Exhibit A-7

FILED
DALLAS COUNTY
7/24/2015 7:53:06 AM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

Case 3:15-cv-02614    Document 1-1    Filed 08/10/15    Page 30 of 36    PageID 34

MAIL ATTY (COI)

CITATION

No.: DC-15-06703

NORTH TEXAS CIRCUIT BOARD
COMPANY INC, ET AL
VS.
NORTHFIELD INSURANCE COMPANY,
ET AL

ISSUED
ON THIS THE 26TH DAY OF JUNE, 2015

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By SACHEEN ANTHONY, Deputy

Attorney for : Plaintiff
DANIEL PATRICK BARTON
1200 SMITH STREET
600 TWO ALLEN CENTER
HOUSTON     TX 77002
713.227.4747

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

FORM NO. 353-4 - CITATION
THE STATE OF TEXAS

To:
NORTHFIELD INSURANCE COMPANY
BY SERVING THE COMMISSIONER OF INSURANCE
333 GUADALUPE
AUSTIN TEXAS 78714-9104

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with     the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and petition, a default judgment may be taken against you.
Your answer should be addressed to the clerk of the 192nd District Court
at 600 Commerce Street, Dallas, Texas 75202.

Said PLAINTIFF being NORTH TEXAS CIRCUIT BOARD COMPANY INC ET AL

Filed in said Court 11th day of June, 2015 against
NORTHFIELD INSURANCE COMPANY ET AL

For suit, said suit being numbered   DC-15-06703   the nature of which demand is as follows:
Suit On  CNTR CNSMR COM DEBT etc.
                                    , a copy of which accompanies this citation. If this citation is not served, it shall be
as shown on said petition
returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office on this the 26th day of June, 2015
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

                    By _____
                         SACHEEN ANTHONY
                                            Deputy

IN THE 192ND JUDICIAL DISTRICT
DALLAS COUNTY, TEXAS

NORTH TEXAS CIRCUIT BOARD COMPANY INC., ET AL
VS
NORTHFIELD INSURANCE COMPANY, ET AL

CAUSE NO: DC-15-06703

# RETURN

**Came to my hand:** 7/13/2015, at 04:30 o'clock P.M. , the following specified documents:

- **Citation**
- **Plaintiffs' Original Petition**
- **Jury Demand**
- **Request for Disclosure**

and executed by me on 7/14/2015 , at 1:02 o'clock, P.M. , at, 333 GUADALUPE, AUSTIN, TX 78701 within the county of TRAVIS, by delivering to NORTHFIELD INSURANCE COMPANY by delivering to the COMMISSIONER OF INSURANCE, by delivering to *TISH WILHELM, AUTHORIZED AGENT* , in person, a true copy of the above specified documents having first endorsed on such copy the date of delivery.

The above-named defendant/respondent indicated that he/she is not an active member of the armed forces of the United States of America

_____

_____

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct .

Authorized Person: *Matthew Murski* SCH2366
Expiration Date: 11 / 30 /20 15

**STATE OF TEXAS   }**

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his personal knowledge and experience to be true and correct.  Given under my hand and seal of office on this the 14th day of _____ July _____ , 2015

DANA L. MCMICHAEL
Notary Public, State of ...
My Commission E...
April 23, 20...

**Notary Public**

# Exhibit A-8

FILED
DALLAS COUNTY
8/7/2015 9:32:39 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-02614-N   Document 1-1   Filed 08/10/15   Page 33 of 36   PageID 37

## CAUSE NO. DC-15-06703

| | | |
|---|---|---|
| **NORTH TEXAS CIRCUIT BOARD** | § | **IN THE DISTRICT COURT OF** |
| **COMPANY, INC., G.D. HOLDINGS,** | § | |
| **INC. DNYACO CORPORATION, AND** | § | |
| **QUICK TURN CIRCUITS, INC.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **NORTHFIELD INSURANCE** | § | |
| **COMPANY AND SCOTT** | § | |
| **KORFHAGE,** | § | |
| | § | |
| **Defendants.** | § | **192ND JUDICIAL DISTRICT** |

### DEFENDANTS NORTHFIELD INSURANCE COMPANY AND SCOTT KORFHAGE'S ORIGINAL ANSWER

In response to Plaintiffs' Original Petition (the "Petition"), Defendants Northfield Insurance Company ("Travelers") and Scott Korfhage (collectively, "Defendants"), file their Original Answer thereto.

### I.
### GENERAL DENIAL

Defendants deny all and singular the allegations contained in the Petition and demand strict proof thereof.

### II.
### ADDITIONAL DEFENSES

1.     Defendants deny that all conditions precedent to Plaintiffs' claims for recovery have occurred or been met, and they have not been waived.

2.     Coverage is precluded to the extent that the loss occurred outside the policy period.

3.      Coverage is precluded to the extent Plaintiffs seek reimbursement for the replacement cost value of property which has not been repaired or replaced and/or is not covered under the Policy.

4.      Plaintiffs' claims are barred in whole or in part because the Policy precludes coverage for loss or damage caused directly or indirectly by "(1) [w]ear and tear; (2) rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself; (4) settling, cracking, shrinking or expansion."

5.      Plaintiffs' claims are barred in whole or in part because the Policy precludes coverage for loss to property caused by faulty, inadequate or defective: "b. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; c. Materials used in repair, construction, renovation or remodeling; or d. Maintenance; of part or all of any property whether on or off the described premises.'"

6.      To the extent Plaintiffs assert claims for alleged damage to the interior of the property or personal property in the building, "caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not", there is no coverage the building did not "first sustain damage by a Covered Cause of loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters."

7.      Plaintiffs have failed to mitigate their damages.

8.      Plaintiffs' claims are subject to the deductible of the insurance policy at issue as well as the limits therein.

9.      All or a portion of Plaintiffs' claims were caused by the negligence and/or comparative responsibility of Plaintiffs, persons acting on Plaintiffs' behalf and/or under Plaintiffs' direction or control, and/or third parties over which Defendants had no control.

10. To the extent there is a dispute about the amount of loss, Northfield reserves the right to compel appraisal in accordance with the terms of the Policy.

11. Defendants are entitled to a credit or offset for all amounts previously paid by any other insurer, if any, including Northfield.

12. To the extent Plaintiffs seek exemplary damages, those claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendants Northfield Insurance Company and Scott Kofhage pray that Plaintiffs take nothing by this suit, and that Defendants go hence and recover costs on their behalf expended.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
Texas Bar No. 12314560
MARCIE L. SCHOUT
Texas Bar No. 24027960
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
mschout@qslwm.com

**ATTORNEYS FOR DEFENDANTS
NORTHFIELD INSURANCE COMPANY AND
SCOTT KORFHAGE**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiffs' counsel of record, via electronic service, in accordance with the Texas Rules of Civil Procedure, this 7th day of August 2015 at the addresses indicated below:

Daniel P. Barton                              Robert D. Green
Ryan K. Haun                                  Hunter M. Klein
1201 Shepherd Drive                           440 Louisiana Street, Suite 1930
Houston, Texas 77007                          Houston, Texas 77002


_/s/ Wm. Lance Lewis_____
Wm. Lance Lewis / Marcie L. Schout